NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REFUGIO VARGAS, | No. 17-16236 |
| Plaintiff-Appellant, | No. 1:15-CV-992 GSA |
| v. | MEMORANDUM* |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding

Submitted August 20, 2018**

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Refugio Vargas appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Vargas's application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

Substantial evidence supports the Administrative Law Judge's ("ALJ") conclusion at Step Four that Vargas's experience as a packager qualified as past relevant work. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). We do not address the Commissioner's contention that Vargas waived his challenge to this finding, because the Commissioner did not raise this argument in the district court and therefore has waived it on appeal. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003).

However, the ALJ erred at Step Four by failing to recognize and resolve the conflict between the description in the Dictionary of Occupational Titles ("DOT") of the position of packager as entailing frequent exposure to atmospheric conditions, DOT 920.587-018, 1991 WL 687916 (2016), and Vargas's RFC, which requires him to "avoid moderate exposure to fumes, odors, dust, gas, and poor ventilation." Because the ALJ did not make the requisite factual findings in support of the conclusion that Vargas could perform his past work as a packager despite this conflict, the ALJ's Step Four finding lacks substantial evidentiary support. *See Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001).

Nevertheless, in light of the ALJ's alternative findings at Step Five that Vargas could perform the position of kitchen helper and that a significant number

2

of these positions exist in the national economy, any error at Step Four was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). The record does not support Vargas's contention that the vocational expert, in responding to the ALJ's hypothetical, misconstrued Vargas's limitation as including only over-shoulder reaching by his non-dominant arm, rather than reaching at shoulder level or above. Nor did the ALJ err by failing to resolve a conflict between the DOT's requirements for kitchen helper and the vocational expert's testimony that Vargas could perform this position, because any such conflict was not "obvious or apparent." *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016) (ALJ need only resolve conflicts between expert testimony and the DOT that are obvious or apparent).

**AFFIRMED.**